**Xing Chao DONG, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–0024–AG NAC.

United States Court of Appeals, Second Circuit.

Dec. 5, 2005.

Thomas v. Massucci, New York, N.Y., for Petitioner.

David E. Morris, Assistant United States Attorney (Stephen J. Murphy, United States Attorney for the Eastern District of Michigan), Detroit, Mich., for Respondent.

PRESENT: KEARSE, STRAUB, and SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Petitioner Xing Chao Dong ("Dong") seeks review of a December 8, 2003, order of the Board of Immigration Appeals ("BIA") affirming the August 6, 2002, decision of an immigration judge (the "IJ") denying Dong's application for asylum and withholding of removal. Dong argues that the IJ and the BIA erred in finding his testimony to be not credible.

A BIA decision upholding an IJ's denial of an application for asylum, will be upheld "if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004) (internal quotation marks omitted). Where the basis of an adverse credibility finding is specific examples in the record of "inconsistent statements by the asylum applicant about matters material to his claim of persecution ... a reviewing court will generally not be able to conclude that a reasonable adjudicator was compelled to find otherwise." *Id.* at 74. The reviewing court may not "hypothesize excuses for the inconsistencies" or "reverse the BIA simply because [it] disagree[s] with its evaluation of the facts." *Id.* (quoting *Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 149 (2d Cir.2003) (internal quotation marks omitted)). To reverse, the reviewing court must conclude that no reasonable factfinder "would have been compelled to conclude to the contrary." *Id.* at 73.

The BIA's finding that Dong was not credible is supported by substantial evidence. There is at least one material inconsistency between Dong's and his wife's account of his family's persecution at the hands of the family planning officials. Dong testified on direct examination that he did not witness he family planning officials taking his wife from their home for a forced abortion. In a letter to the IJ, Dong's wife stated that her husband had been home and had been beaten by the family planning officials.

This inconsistency is directly related to Dong's claim of persecution, and therefore is a "specific, cogent" reason that bears a "legitimate nexus" to the BIA's conclusion that Dong was not credible in his description of his family's persecution. *See Zhang,* 386 F.3d at 77–78 (holding that IJ's and BIA's finding of applicant's lack of

**422**

credibility was substantially supported by the inconsistencies regarding the date of spouse's alleged sterilization). Accordingly, Dong failed to carry his burden of showing that he had a "well-founded fear of future persecution." *See* 8 U.S.C. § 1101(a)(42)(A).

As Dong has not satisfied the standard for granting asylum, he cannot meet the higher standard for granting withholding of removal. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004).

For the foregoing reasons, the petition for review is DENIED.